IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ONEBEACON AMERICA INSURANCE
COMPANY,

    Plaintiff/Counter-Defendant,

vs.                                                                                                          No. CIV 11-0991 JB/ACT

SAN JUAN COUNTY,

    Defendant/Counter-Claimant/Third-Party Plaintiff,

vs.

KYSAR INSURANCE AGENCY, INC., and
ROBERT KYSAR and RUSSELL SIMKINS, individually,

    Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Clerk's Minutes Regarding Rule 16 Settlement Conference, filed September 27, 2013 (Doc. 107)("Clerk's Minutes"); (ii) Letter from Sean Olivas to the Court (dated October 2, 2013), filed October 2, 2013 (Doc. 109)("San Juan County Letter"); and (iii) Letter from Gregory L. Biehler to the Court (dated October 3, 2013), filed October 3, 2013 (Doc. 110)("Kysar Letter"). At the Settlement Conference, "[a]ll claims settled as between OneBeacon and San Juan County. Claims between San Juan County v. Kysar did not settle." Clerk's Minutes at 1. The San Juan County Letter explains that Plaintiff/Counter-Defendant OneBeacon America Insurance Company originally filed suit against Defendant/Counter-Claimant/Third-Party Plaintiff San Juan County in federal court based on diversity jurisdiction, and the Court exercised supplemental jurisdiction over the claims between San Juan County and Third-Party Defendants Kysar Insurance Agency, Inc., Robert Kysar, and

Russell Simkins. See San Juan County Letter at 2. "Because the Plaintiff and San Juan County, the original parties which gave this Court jurisdiction over this claim, have settled, the only claims remaining are San Juan County's third-party claims over Kysar." San Juan County Letter at 3. The Third-Party Defendants say that "the Court has the discretion to exercise supplemental jurisdiction in a situation like this." Kysar Letter at 2. The Court will not exercise supplemental jurisdiction over the remaining claims between San Juan County and the Third-Party Defendants. The Court will thus dismiss all remaining claims without prejudice, pending receipt and filing of the dismissal papers for OneBeacon America and San Juan County regarding their settlement agreement.

## LAW REGARDING SUPPLEMENTAL JURISDICTION

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331-32.

1.  **Supplemental Jurisdiction.**

Although a statutory basis is necessary for federal courts to exercise jurisdiction over a controversy, "it is well established -- in certain classes of cases -- that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. at 552. The Supreme Court has long subscribed to the concept of

supplemental jurisdiction recognized in two common-law doctrines -- pendent and ancillary jurisdiction.[1]  Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact."  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Supplemental jurisdiction gives federal courts the flexibility to hear a cause of action after the introduction of third parties, whose insertion into the litigation does not have the support of any independent grounds for federal jurisdiction, when those parties share a common interest in the outcome of the litigation and are logical participants in it.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375 n.18 (1978).

In 1988, Chief Justice William H. Rehnquist created the Federal Courts Study Committee to analyze the federal court system and to recommend reforms.  See James v. Chavez, No. CIV 09-0540 JB/CG, 2011 WL 6013547, at * 5 (D.N.M. November 21, 2011)(Browning, J.)(citing 16 Moore's Federal Practice, § 106.04[5] (Matthew Bender 3d ed.)).  In response to the Committee's findings regarding pendent and ancillary jurisdiction, Congress codified the application of the two doctrines when it passed the Judicial Improvements Act of 1990:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  In enacting 28 U.S.C. § 1367, Congress conferred upon federal district

---

[1] The United States Court of Appeals for the Tenth Circuit has noted that Congress' intent in passing 28 U.S.C. § 1367 was to supersede the common-law doctrine of pendent jurisdiction: "Effective December 1, 1990, Congress enacted legislation, codified at 28 U.S.C. § 1367 (1976 & Supp. 1992), which supersedes the common law pendent jurisdiction doctrine."  Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 634 (10th Cir. 1993)(citing Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992), Aschinger v. Columbus Showcase Co., 934 F.2d 1402 (6th Cir. 1991)).

courts "supplemental forms of jurisdiction . . . [that] enable them to take full advantage of the rules on claim and party joinder to deal economically -- in single rather than multiple litigation -- with matters arising from the same transaction or occurrence." Report of the Federal Courts Study Committee, Part II.2.B.2.b. (April 2, 1990), reprinted in 22 Conn. L. Rev. 733, 787 (1990).

### 2. District Court Discretion.

The Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004)(citing City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court of the United States' opinion in United Mine Workers v. Gibbs, compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726. Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, district courts should seek to exercise supplemental jurisdiction in an effort to "vindicate values of economy, convenience, fairness, and comity . . . ." Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d at 1164.

Numerous courts have acknowledged that 28 U.S.C. § 1367(c) necessarily changed the district courts' supplemental jurisdiction discretion analysis and that, unless one of the conditions of 28 U.S.C. § 1367(c) exists, courts are not free to decline jurisdiction.  See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir.1998)("[S]ection 1367 has indeed altered Gibbs' discretionary analysis."); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994) ("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."); Executive Software N. Am. v. U.S. Dist. Court, 24 F. 3d 1545, 1557 (9th Cir. 1994)("By codifying preexisting applications of Gibbs in subsections (c)(1)-(3), however, it is clear that Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories."), overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008); Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)("[S]upplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c) . . . .")(emphasis in original); Bonadeo v. Lujan, No. CIV 08–0812 JB/ACT, 2009 WL 1324119, at *8 (D.N.M. April 30, 2009)(Browning, J.)("28 U.S.C. § 1367(c) changed the district courts' supplemental jurisdiction discretion analysis to prohibit courts from declining jurisdiction unless one of the conditions of 28 U.S.C. § 1367(c) exists.").   At least one other district court in the Tenth Circuit besides this Court has reached the same conclusion.  See Gudenkauf v. Stauffer Commc'ns, Inc., 896 F. Supp. 1082, 1084 (D. Kan. 1995)("[A]ny exercise of discretion declining jurisdiction over pendent claims or parties cannot occur until 'triggered' by the existence of one of the four conditions enumerated.").

The Tenth Circuit has held that district courts should presume to decline jurisdiction over state claims when federal claims no longer remain: "When all federal claims have been dismissed,

- 5 -

the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011)(quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998)). The Supreme Court has also recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers of Amer. v. Gibbs, 383 U.S. at 726. The Court has previously stated that a district court should usually decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies. See Armijo v. New Mexico, No. CIV 08-0336, 2009 WL 3672828, at *4 (D.N.M. September 30, 2009)(Browning, J.)("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it."). The Tenth Circuit has recognized that a district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction[.]'" Muller v. Culbertson, 408 F. App'x 194, 197 (10th Cir. 2011)(unpublished).[2]

---

[2] Muller v. Culbertson is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Muller v. Culbertson has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## ANALYSIS

The only claims remaining after the settlement conference are those claims by San Juan County, a political subdivision of the State of New Mexico, against Kysar Insurance, a New Mexico corporation with its principal place of business in New Mexico, and Kysar and Simkins, both New Mexico residents. When San Juan County originally filed its Third-Party Complaint against Kysar Insurance, Kysar, and Simkins, the Court exercised supplemental jurisdiction over the claims. Supplemental jurisdiction was based on the diversity jurisdiction the Court maintained over OneBeacon America, a Pennsylvania company with its principal offices in Minnesota, and San Juan County. OneBeacon America and San Juan County have reached a settlement agreement, leaving only the claims between the non-diverse San Juan County and the Third-Party Defendants.

> The Court has discretion not to exercise supplemental jurisdiction when
>
> (a) the claim raises a novel or complex issue of State law,
>
> (b) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (c) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (d) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> [I]f the main claim or counterclaim out of which the crossclaim arises involves a federal question and is dismissed early in the litigation the court also should consider dismissing the Rule 13(g) [cross]claim if there is no diversity of citizenship between the codefendants and the crossclaim arises under state law. Once the federal claim is no longer in the suit, considerations of judicial economy may not require the court to continue to hear the state-law claim.

6 C. Wright & A. Miller, Federal Practice and Procedure § 1433 (3d ed. 2008)(citing in a footnote,

among other cases, Waste Sys., Inc. v. Clean Land Air Water Corp., 683 F.2d 927 (5th Cir. 1982)). In Waste Sys., Inc. v. Clean Land Air Water Corp., the United States Court of Appeals for the Fifth Circuit reviewed a district court's exercise of supplemental jurisdiction over a crossclaim between non-diverse parties when the parties to the original suit settled and were no longer part of the case. 683 F.2d at 928.  The Fifth Circuit determined that, while courts do have some discretion over whether to exercise supplemental jurisdiction in such a situation, when "little litigation progress has been made," and when "there are no compelling reasons of judicial efficiency and economy justifying the district court's retention of jurisdiction," it would be "an abuse of that discretion for a federal court to exercise" supplemental jurisdiction.  683 F.2d at 928.  The court noted that

> [t]his action is still in its infancy, however long it has in fact been pending; no trial has taken place, any discovery could be utilized in a state court proceeding, and the action presents technical questions of Louisiana law that are, of course, most appropriate for resolution by a Louisiana state court judge.

683 F.2d at 931.  The Court concludes that the Fifth Circuit's approach to diversity cases is proper, and that there is not a sound reason to draw a distinction between federal question and diversity cases when the reason for the court's original jurisdiction disappears.

In the Kysar Letter, the Third-Party Defendants express their interest in proceeding to trial. "Since the parties have engaged in significant discovery and motion practice before this Court, my clients wish to proceed with trial."  Kysar Letter at 2.  They direct the Court to Barragan v. St. Catherine Hosp., 339 F. Supp. 2d 1141 (D. Kan. 2004)(Murguia, J.), for the proposition that "the Court has the discretion to exercise supplemental jurisdiction in a situation like this."  Kysar Letter at 2.

Barragan v. St. Catherine Hosp. arose from alleged medical malpractice during the birth of Estrella Barragan at a Kansas hospital.  See 339 F. Supp. 2d at 1142.  Estrella's parents, Mexican

citizens Gustavo and Luz Barragan, filed suit in federal court based on diversity jurisdiction against the Kansas hospital, doctors, and nurses.  See 339 F. Supp. 2d at 1142.  They later filed an amended complaint, adding Estrella's individual claims against the Kansas defendants as well as claims against additional parties under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").  See 339 F. Supp. 2d at 1142.  The federal court had federal-question jurisdiction over the FTCA claims, but needed to exercise supplemental jurisdiction over the claims between Estrella and the state defendants, because Estrella was a Kansas citizen.  See 339 F. Supp. 2d at 1143.  The parties then stipulated to the dismissal of the FTCA claims.  See 339 F. Supp. 2d at 1142.  In deciding whether to retain supplemental jurisdiction or dismiss the claims between Estrella and the Kansas defendants, the District of Kansas determined that "the interests of judicial economy and convenience weigh in favor of continued jurisdiction over plaintiffs' claims."  339 F. Supp. 2d at 1144.  The district court considered that the case had been pending for over one and one-half years in federal court, that the parties had conducted a substantial portion of their discovery, although discovery had not yet closed, and most importantly, that retaining supplemental jurisdiction meant that the events surrounding Estrella's birth would be litigated in a single lawsuit.  See 339 F. Supp. 2d at 1144.  Had the court not exercised supplemental jurisdiction, Gustavo and Luz Barragan said that they would have asked the court to dismiss Estrella's claims so that they could proceed in federal court, and then they would file a separate action in state court for Estrella.  See 339 F. Supp. 2d at 1144.  "Such an action would create parallel proceedings in a separate forum, require the parties to duplicate their efforts, and waste judicial resources.  In sum, declining supplemental jurisdiction in these circumstances would simply create an additional lawsuit filed by Estrella in state court against the same defendants."  339 F. Supp. 2d at 1144.

Supplemental jurisdiction "'is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants.'" Marquez v. Harvest Standard, LLC, No. 09-cv-02584-PAB-MJW, 2011 WL 1755265, at *1 (D. Colo. May 9, 2011)(Brimmer, J.)(quoting Bauchman v. West High Sch., 132 F.3d 542, 549 (10th Cir. 1997)). The Tenth Circuit has indicated, however, that "'[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *1 (quoting Bauchman v. West High Sch., 132 F.3d at 549). In Bauchman v. West High Sch., the Tenth Circuit determined that the district court abused its discretion by retaining supplemental jurisdiction over state law claims that required interpretation of the Utah Constitution when the district court had dismissed the federal claims before trial. See 132 F.3d 542, at 550. "The beneficial effect of permitting a Utah state court to determine the private rights of action under the Utah Constitution far outweighs any negative consequences (i.e., delay) of declining to exercise pendent jurisdiction." Bauchman v. West High Sch., 132 F.3d at 549.

Several Tenth Circuit opinions "appear to foreclose the court from considering" factors that would otherwise be "compelling reasons to retain jurisdiction," such as that the court is prepared to rule on the substantive merits of a summary judgment motion on the state law claims, or that "both parties would be disadvantaged by the inevitable delay that would almost certainly result" from not exercising supplemental jurisdiction. Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *1 (citing Brooks v. Gaenzle, 614 F.3d 1213 (10th Cir. 2010), Endris v. Sheridan Co. Police Dep't, 415 F. App'x 34 (10th Cir. 2011)(unpublished)).[3] In Brooks v. Gaenzle, the

---

[3] Endris v. Sheridan Co. Police Dep't is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See

- 10 -

Tenth Circuit affirmed the district court's dismissal of the federal issues, but reversed the district court's decision to retain supplemental jurisdiction and issue summary judgment on the state tort issues.  See 614 F.3d at 1230.  "Arguably, the Brooks decision was motivated by the fact that a potentially difficult question of state law was presented by the case."  Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *2 (citing Brooks v. Gaenzle, 614 F.3d at 1230).  "But, since the Brooks decision, the Tenth Circuit concluded in Endris that 'any state-law claims for assault and battery or mental and emotional distress were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed.'"  Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *2 (emphasis in original)(citing Endris v. Sheridan Co. Police Dep't, 415 F. App'x at 36).  Unlike in Brooks v. Gaenzle, the Tenth Circuit in Endris v. Sheridan Co. Police Dep't did not mention any "complexity or novelty of those state law claims."  Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *2.  It is unclear "what, if any, discretion the Court retains to exercise jurisdiction over the state law claims" when the original claims which gave the Court jurisdiction are no longer present.  Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *2.  Even in the situation where the federal claims have been dismissed "on the very eve of trial," "it is not clear whether the delay and prejudice occasioned by dismissal would be sufficient to overcome what is the practically mandatory language of Brooks and Endris."  Marquez v. Harvest Standard, LLC, 2011 WL 1755265, at *2 n.2.

---

10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Endris v. Sheridan Co. Police Dep't has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

OneBeacon America and San Juan County, the parties over which the Court had original jurisdiction, have settled, leaving only the non-diverse third-party claims between San Juan County and Kysar Insurance, Kysar, and Simkins.  In light of the Tenth Circuit's treatment of supplemental jurisdiction when the claims providing original jurisdiction are no longer present, the Court concludes that it would be appropriate to dismiss the remaining claims without prejudice. While the Court on September 24, 2013 issued an Order denying the Third-Party Defendants' Motion for Summary Judgment on all Claims Against Them in San Juan County's Third-Party Complaint, filed December 21, 2012 (Doc. 68)("MSJ"), and promised to issue a memorandum opinion more fully discussing the Court's rationale for its decision, see Order, at 1 n.1, filed September 24, 2013 (Doc. 104), the Court has yet to issue its memorandum opinion on the MSJ. Moreover, the Court has yet to hold the pretrial conference or hold the three-day bench trial set for October 28, 2013.   In short, a lot of federal work remains to be done in what is now a non-diverse, state-law case.   In contrast, the parties can relatively easily try the remaining claims in state court without much loss of the effort that they expended in federal court; they can re-file the case and the remaining motions in a New Mexico state court, allowing that court to make determinations of New Mexico law.   Discovery done here can be used in state court.   "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."   Bauchman v. West High Sch., 132 F.3d at 549 (quoting United Mine Workers v. Gibbs, 383 U.S. at 726)).   In this situation, the Court will not exercise its discretion to retain supplemental jurisdiction, but will dismiss the remaining claims, which are claims based solely on state law.   The Court will dismiss all remaining claims without prejudice.

**IT IS ORDERED** that the remaining claims between San Juan County and the Third-Party

Defendants are dismissed without prejudice, pending receipt and filing of the dismissal papers for OneBeacon America and San Juan County regarding their settlement agreement.

```
_____
UNITED STATES DISTRICT JUDGE
```

*Counsel*:

Virginia Anderman
Miller Stratvert, P.A.
Albuquerque, New Mexico

    *Attorneys for Plaintiff/Counter-Defendant OneBeacon America Insurance Company*

William Spencer Reid
Sean Olivas
Neil R. Bell
Nathan S. Simson
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant/Counter-Claimant/Third-Party Plaintiff San Juan County*

Gregory L. Biehler
Beall & Biehler
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendants Kysar Insurance Agency, Inc., Robert Kysar, and Russell Simkins*